MATTHEW D. MURPHEY, SBN 194111
MMurphey@gordonrees.com
ARISTOTLE EVIA, SBN 211483
Aevia@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

ROBERT J. SCOTT, Texas Bar No. 24010385
(motion for admission pro hac vice pending)
rjscott@scottandscottllp.com
SCOTT & SCOTT, LLP
2200 Ross Avenue, Suite 5000
Dallas, Texas 75021
Telephone: (214) 999-0080
Facsimile: (214) 999-0333

Attorneys for Defendants
TANEY ENGINEERING, INC. and
TANEY CUNNINGHAM
EQUIPMENT, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTODESK, INC.,<br><br>                              Plaintiff,<br><br><br><br>TANEY ENGINEERING, INC. et al.<br><br>                              Defendants | CASE NO. 5:08-cv-03132-JF<br><br>Hearing Date/Time:<br>October 10, 2008 9:00 a.m.<br><br>DEFENDANTS' MOTION<br>TO DISMISS FOR LACK OF<br>PERSONAL JURISDICTION<br>AND IMPROPER VENUE |

///

-1-

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY IN THIS ACTION:

YOU ARE HEREBY NOTIFIED THAT on October 10, 2008 at 9:00 a.m. before the Honorable Jeremy Fogel, Defendants Taney Engineering, Inc. and Taney Cunningham Equipment, LLC ("TCE") will move this Court for an order dismissing the Complaint filed by Plaintiff Autodesk, Inc. ("Autodesk") for lack of personal jurisdiction and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3).

This motion shall be made on the ground that the Court does not have personal jurisdiction over defendants and this Court is an improper venue because both Defendants are nonresidents of the State of California. This motion will be based on this motion and the points and authorities included herein and the Declaration of Edward Taney filed herewith.

## INTRODUCTION

This lawsuit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3). Plaintiff alleges that Defendants infringed copyrights owned by Plaintiffs. At the time these acts allegedly occurred, neither Defendants was a resident of the state of California. Neither Defendant has ever been a resident of the State of California, and neither Defendant has established minimum contacts with California such that the Court could exercise personal jurisdiction over them. Plaintiff's claims against Defendants do not arise out of or relate to any of Defendants' sporadic contacts with California. As such, personal jurisdiction is lacking, and this Court should dismiss Plaintiff's lawsuit against Defendants.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Similarly, Plaintiff's lawsuit against Defendants should be dismissed because the Northern District of California is an improper venue for this action. If an action is filed in an improper judicial district, the court may dismiss the action upon timely objection or, in the interest of justice, may transfer the case to a district where the action could have been brought. 28 U.S.C. §1406(a). Venue in copyright litigation is proper in any judicial district where a defendant would be amenable to personal jurisdiction if the district were a separate state. Neither Defendant is amenable to personal jurisdiction in this district because Defendants do not have the requisite minimum contacts with the district. It is therefore appropriate to dismiss the action under Federal Rule of Civil Procedure 12(b)(3). In the alternative, the case should be transferred to the District of Nevada, Las Vegas Division, where Defendants reside.

**FACTS**

Autodesk is a Delaware corporation. Upon information and belief, Autodesk's principal place of business is in San Rafael, California. On June 30, 2008, plaintiff sued defendants for copyright infringement in the Northern District of California, San Francisco/Oakland Division. Autodesk alleges that Taney and TCE infringed Autodesk's copyrights in certain Autodesk products in violation of the Copyright Act.

Taney is a Nevada corporation with its principal place of business in Las Vegas, Nevada. (Taney Declaration at ¶ 5.) TCE is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada. (Taney Declaration at ¶ 6.) Taney and TCE are and always have been Nevada business entities with their principal places of business in Nevada, and both businesses provide services exclusively in Nevada and

Arizona. (Taney Declaration at ¶¶ 3-7.)   Neither Defendant has ever had an office, address, or telephone number in California.  (Taney Declaration at ¶ 8.)   Neither Defendant has ever owned or rented any property in California.  (Taney Declaration at ¶ 9)  Neither Defendant has ever paid taxes in California.  (Taney Declaration at ¶ 10.) Neither Defendant has ever held a bank account in California.  (Taney Declaration at ¶ 11.) Neither Defendant, nor their agents, ever traveled to California in connection with any transaction involving Autodesk.  (Taney Declaration at ¶ 12.)  Neither Taney nor TCE ever purchased any software or other products directly from Autodesk.  (Taney Declaration ¶¶ 16-17.)   The allegations in the Complaint do not pertain to property or equipment located in California. (Taney Declaration at ¶ 13.)

## ARGUMENT

**POINT I**      **THE CASE SHOULD BE DISMISSED BECAUSE THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER EITHER DEFENDANT, BOTH OF WHICH ARE NEVADA BUSINESSES LACKING THE REQUISITE MINIMUM CONTACTS WITH CALIFORNIA.**

The case should be dismissed because this Court does not have personal jurisdiction over Taney or TCE.  When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the Court can exercise personal jurisdiction over that defendant.  *Mattel, Inc. v. Greiner & Hausser GmbH,* 354 F.3d 857, 862 (9th Cir. 2003).  Federal courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice."  *Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 475-76 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Failure to satisfy any of these standards would deprive a defendant of due process of law. *Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 270 (9th Cir. 1995). Because neither Taney nor TCE have the necessary minimum contacts, it would be a violation of due process for this Court to exercise jurisdiction over them.

**A.    The Court Does not Have General Jurisdiction Over Taney or TCE.**

Neither Taney nor TCE have the continuous and systematic pattern of contact with California to establish general jurisdiction. Due process permits the exercise of "general jurisdiction" if the defendant has "continuous and systematic" contacts with the forum. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 2004). The test for general jurisdiction is "an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger,* 374 F.3d at 801. The Complaint does not allege that Defendants had or have "continuous and systematic contacts" with California. In fact, the Complaint does not allege that Taney or TCE had any contacts with California. Autodesk therefore failed to even plead a basis for general jurisdiction.

In addition, the evidence indicates that neither Taney nor TCE had the requisite minimum contacts to establish general jurisdiction:

- Taney and TCE are, and always have been, Nevada businesses created and administered under the laws of the State of Nevada. (Taney Declaration ¶¶ 3-7.)

- Taney and TCE have their principal places of business in Las Vegas, Nevada and provide services exclusively in Nevada and Arizona. (Taney Declaration ¶¶ 3-7.)

- Neither Defendant has ever had an office, address, or telephone number in California. (Taney Declaration ¶ 8.)

- Neither Defendant has ever owned any real estate or other assets located in California. (Taney Declaration ¶ 9.)

- Neither Defendant has ever paid taxes in California. (Taney Declaration ¶ 10.)

- Neither Defendant has ever held a bank account in California. (Taney Declaration ¶ 11.)

Simply stated, Defendants' contacts with California are insufficient in both quantity and quality to support general personal jurisdiction over Defendants.

**B.    The Court Does not Have Specific Jurisdiction Over Taney or TCE.**

The Court also does not have specific jurisdiction over Taney or TCE. A court may not exercise specific jurisdiction over a nonresident defendant unless the nonresident defendant's activities were "purposefully directed" to the forum state and the litigation resulted from alleged injuries that "arise out of" or "relate to" those activities. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414

1   (1984).  As formulated by the Ninth Circuit in *Bancroft & Masters, Inc. v. Augusta Nat'l*
2
3   *Inc.,* 223 F.3d 1082 (9th Cir.2000), specific jurisdiction exists when "(1) the defendant
4   has performed some act or consummated some transaction within the forum or otherwise
5   purposefully availed himself of the privileges of conducting activities in the forum, (2)
6   the claim arises out of or results from the defendant's forum-related activities, and (3)
7
8   the exercise of jurisdiction is reasonable." *Bancroft & Masters,* 223 F.3d at 1086.  The
9   Ninth Circuit has explained that the first prong of this analysis "includes both purposeful
10  availment and purposeful direction.  It may be satisfied by purposeful availment of the
11  privilege of doing business in the forum; by purposeful direction of activities at the form;
12
13  or by some combination thereof."  *Yahoo! Inc. v. La Ligue Contre Le Racisme Et*
14  *L'Antisemitisme,* 433 F.3d 1199, 1206 (9th Cir. 2006).  As noted, neither Taney nor TCE
15  ever purposefully availed themselves of the opportunity to do business in California.
16
        Autodesk has instead claimed that Defendants purposefully directed activities –
17
18  the purported copyright infringement – at the forum.  In its Complaint, Autodesk basis
19  its jurisdictional claim on a specific jurisdiction argument, asserting that Defendants
20  should have known that Autodesk was located in California, that Defendants "directed
21
22  and aimed their unauthorized activity at Autodesk located in this Northern District of
23  California," and that Defendants "knew or reasonably should have known, that Autodesk
24  would likely suffer the brunt of the harm caused by Defendants in California at
25  Autodesk's principal place of business" in the district.  (Complaint at ¶ 4.)
26
        In making this argument, Autodesk appears to be relying on the Ninth Circuit's
27
28  decision in *Yahoo,* where the court set forth an "effects" test to be applied in tort cases:

"in tort cases, we typically inquire whether a defendant 'purposefully directs his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Yahoo,* 433 F.3d at 1206. The claimed purposeful direction here is that Defendants knew of Autodesk, infringed Autodesk's copyrights, and knew that Autodesk was headquartered in California and would be affected by the infringement. This "effects" analysis is rigorous – "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo*, 433 F.3d at 1206. Of course, a copyright infringement claim is a creation of federal statue and is not a traditional common-law tort claim. It does not appear that the Ninth Circuit has directly applied this analysis in a copyright infringement case. If that test does apply, however, it has not been met here.

   As the Ninth Circuit has explained, the "expressly aimed" portion of the analysis is satisfied when the defendant "individually target[s] a known forum resident." *See Bancroft,* 223 F.3d at 1087. The decision in *Schwarzenegger,* supports the conclusion that this element of the analysis has not been met. *Schwarzenegger* dealt with an Ohio car dealer whose local Akron advertisements encouraged potential buyers to "terminate" their current car leases in favor of one of defendant's new cars. The advertisement featured a photograph of Arnold Schwarzenegger in *The Terminator.* When Schwarzenegger tried to sue the car dealership in California for the unauthorized use of his likeness, the Ninth Circuit refused jurisdiction, stressing that the car dealership's

advertisements were not "expressly aimed" at Schwarzenegger in California. *Schwarzenegger,* 374 F.3d at 807. According to the Ninth Circuit, while the defendant may have perhaps known that Schwarzenegger lived in California, this was insufficient to convey jurisdiction there because the intention behind his advertisement was solely to entice local market Ohioans, not Californians, "to buy or lease cars from Fred Martin." *Id.* Similarly, Autodesk cannot establish that Defendants "expressly aimed" their conduct at California. If naming a particularly world-famous person as Arnold Schwarzenegger is not individualized targeting for purposes of the analysis, obviously Defendants in Nevada did not expressly aim any conduct at California or forum residents. Defendants in this case did not purposefully intend their conduct to reach or affect Autodesk's business operations in California. Defendants were not aware that Autodesk was a resident of California, and Defendants did not know that any purported harm from alleged infringement would be suffered in California. Indeed, neither Taney nor TCE ever purchased any software directly from Autodesk. (Taney Declaration at ¶¶ 16-17.)

### C. Exercising Jurisdiction Over Defendants Would Offend Traditional Notions of Fair Play and Substantial Justice.

This Court's assumption of jurisdiction over Defendants will offend traditional notions of fair play and substantial justice and will be inconsistent with the constitutional requirements of due process. *See Int'l Shoe*, 326 U.S. at 316. The Court should decline to exercise jurisdiction over defendant because of the burden on Defendants, both of which are Nevada businesses that provide services exclusively in Nevada and Arizona.

1  Accordingly, none of the files, records, or witnesses relevant to the claim of copyright

2  infringement  are located in the District.

**POINT II**          **THE CASE SHOULD BE DISMISSED BECAUSE THE NORTHERN DISTRICT OF CALIFORNIA IS AN IMPROPER VENUE GIVEN THAT NEITHER DEFENDANT RESIDES IN THE DISTRICT FOR PURPOSES OF THE VENUE STATUTES.**

The Court should also dismiss the case because venue is improper.  If an action is filed in an improper judicial district, the court may dismiss the action upon timely objection or, in the interest of justice, may transfer the case to a district where the action could have been brought.   28 U.S.C. §1406(a).   Plaintiffs must bring actions for copyright violations in the "district in which the defendant or agent resides or may be found." 28 U.S.C. § 1400(a). Venue in copyright litigation is proper in any judicial district in which a defendant would be amenable to personal jurisdiction if the district were a separate state.  *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.,* 106 F.3d 284, 288 (9th Cir. 1997),  *reversed on other grounds,* 523 U.S. 340 (1998).  The question then is whether Defendants are amenable to jurisdiction as if the Northern District were a separate state.  As discussed above, the Court does not have personal jurisdiction over Defendants, and venue is therefore improper.

In the alternative, the Court may transfer this case to District of Nevada because Defendants are subject to jurisdiction in that forum, venue would be proper, and the transfer would be in the interests of justice. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S. Ct. 913, 916 (1962).  Defendants are residents of Nevada and subject to jurisdiction there.

1

## CONCLUSION

2

Defendants ask this Court to grant this motion, dismiss Plaintiff's lawsuit, and

3

4

grant Defendants such other and further relief to which they may be justly entitled.

5     Dated: August 5, 2008                    Respectfully submitted,

6

7                                              MATTHEW D. MURPHEY, SBN 194111
                                               MMurphey@gordonrees.com
8                                              ARISTOTLE EVIA, SBN 211483
                                               Aevia@gordonrees.com
9                                              GORDON & REES LLP
10                                             275 Battery Street, Suite 2000
                                               San Francisco, California 94111
11                                             Telephone: (415) 986-5900
12                                             Facsimile: (415) 986-8054

13                                             ROBERT J. SCOTT, Texas Bar No. 24010385
14                                             (motion for admission pro hac vice pending)
                                               rjscott@scottandscottllp.com
15                                             SCOTT & SCOTT, LLP
16                                             2200 Ross Avenue, Suite 5000
                                               Dallas, Texas 75021
17                                             Telephone: (214) 999-0080
                                               Facsimile: (214) 999-0333
18

19                                             Attorneys for Defendants
                                               TANEY ENGINEERING, INC. and
20                                             TANEY CUNNINGHAM
                                               EQUIPMENT, LLC
21

22

23

24

25

26

27

28

-11-